MICHAEL JAMES PURSLEY, APPELLANT, V.
DEBRA RENEE PURSLEY, APPELLEE.
623 N.W.2d 651

Filed March 23, 2001. No. S-00-275.

G. Peter Burger, of Burger & Bennett, P.C., for appellant.

Philip E. Pierce, of Pierce Law Office, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Michael James Pursley appeals from an order of the district court for Dundy County, Nebraska, determining that an increase in the child support obligation of Debra Renee Pursley awarded on appeal became effective on the first day of the month following receipt of the mandate from the Nebraska Court of Appeals. See *Pursley v. Pursley*, No. A-98-1147, 1999 WL 759967 (Neb. App. Sept. 28, 1999) (not designated for permanent publication). We removed this case to our docket pursuant to our authority to regulate the caseloads of the appellate courts. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). We conclude that the judgment of the Court of Appeals modified the judgment of the district court and therefore related back to the date of that judgment. Accordingly, we vacate the order of the district court from which this appeal was taken and remand the cause with directions.

## FACTS

Michael and Debra were divorced on March 16, 1995. At the time of dissolution, Michael lived in Benkelman, Nebraska, and Debra lived in Fort Collins, Colorado. The district court awarded custody of the parties' three minor children to Michael and visitation rights to Debra. The court ordered Debra to pay child support in the amount of $672 per month.

On or about August 6, 1998, Michael filed an application for leave to remove the children from Nebraska to Wisconsin. Debra

responded with a petition to modify custody. After an evidentiary hearing, the district court granted Michael's application and modified Debra's visitation schedule, specifically providing that each party was responsible for one-half of the costs of visitation. In addition, the district court found that due to a change in Debra's financial circumstances, application of the child support guidelines would result in an increase of her child support obligation to $1,314 per month. Due, however, to the expense of visitation required by Michael's relocation, the district court chose to deviate from the guidelines and ordered Debra to pay a reduced amount of $1,014 per month in child support.

Debra appealed, and Michael cross-appealed. The Court of Appeals affirmed the order allowing removal of the children from the jurisdiction. However, the Court of Appeals determined that the district court abused its discretion in deviating from the child support guidelines and therefore "modifi[ed] the trial court's order to provide that Debra pay the full amount of child support mandated by the child support guidelines, that figure being $1,314 per month." *Pursley v. Pursley*, 1999 WL 759967 at *6. Neither party petitioned for further review. The mandate issued by the Court of Appeals was filed in the district court on December 8, 1999, and ordered the court to "without delay, proceed to enter judgment in conformity with the judgment and opinion of this court."

A motion was filed in the district court for a determination of when the child support increase ordered by the Court of Appeals became effective. After receiving letter briefs from the parties, the district court entered a "Judgment on Mandate" providing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment is entered on the mandate as of December 9, 1999, and that the Respondent [Debra] shall pay increased child support from one thousand fourteen dollars ($1014.00) per month to one thousand three hundred fourteen dollars ($1314.00) per month and this increased amount should be and hereby is ordered to commence the first day of January, 2000, and continue with [sic] in accordance with the orders of the court. In all other

respects the order of the Court issued on August 20, 1998 is affirmed.

Michael timely appealed.

## ASSIGNMENT OF ERROR

Michael assigns, restated, that the district court erred in delaying the effective date of the increase in child support ordered by the Court of Appeals until after the issuance of the mandate.

## STANDARD OF REVIEW

■ The construction of a mandate issued by an appellate court presents a question of law on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Al-Zubaidy*, 257 Neb. 935, 602 N.W.2d 8 (1999).

## ANALYSIS

The sole issue presented for our review is the effective date of the increase in Debra's child support obligation ordered by the Court of Appeals. Michael argues that according to the plain language of the mandate, the increase became effective on August 31, 1998, the date of the district court's original order increasing Debra's child support obligation which was modified on appeal. Debra, while also relying upon the plain language of the mandate, argues that the increase became effective only after the district court received the mandate from the Court of Appeals.

■ The mandate directed the district court to "proceed to enter judgment in conformity with the judgment and opinion of this court." Where the mandate of an appellate court makes the opinion of the court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon. See *Plischke v. Jameson*, 181 Neb. 887, 152 N.W.2d 119 (1967). Debra argues that the district court strictly followed the mandate because neither the mandate nor the opinion set a date upon which the modification ordered was to become effective and because the district court was without authority to act beyond the mandate. Although we agree that the district court was powerless to act beyond the mandate, see

*Custom Fabricators v. Lenarduzzi,* 259 Neb. 453, 610 N.W.2d 391 (2000), upon examining the reasoning of the Court of Appeals and the language utilized in its opinion, we disagree with Debra's interpretation of the mandate.

The Court of Appeals held that the district court abused its discretion in deviating from the guidelines in order to consider Debra's visitation expenses. In doing so, the court reasoned that the deviation was unfair because the district court had already addressed the issue of visitation expenses by ordering that the parties share such costs equally. The Court of Appeals then expressly stated, "Having found an abuse of discretion, we therefore *modify the decree* to make Debra's obligations consistent with those suggested by the guidelines." (Emphasis supplied.) *Pursley v. Pursley,* No. A-98-1147, 1999 WL 759967 at *6 (Neb. App. Sept. 28, 1999) (not designated for permanent publication). In its concluding paragraph on this issue, the court again stated "we modify *the trial court's order* to provide that Debra pay the full amount of child support mandated by the child support guidelines, that figure being $1,314 per month." (Emphasis supplied.) *Id.* at *6.

It is thus clear that the Court of Appeals determined that the district court had ordered an incorrect amount of child support. Had the district court properly calculated the amount of support pursuant to the guidelines, Debra's support obligation would have been $1,314 per month from the time set forth in the August 31, 1998, order of the district court. Moreover, it is clear from the language used by the Court of Appeals that it modified "the trial court's order" and "the decree."

██ The main principle behind the child support guidelines is to recognize the equal duty of both parents to contribute to the support of their children in proportion to their respective net incomes. See Nebraska Child Support Guidelines, paragraph A. See, also, *Riggs v. Riggs, ante* p. 344, 622 N.W.2d 861 (2001); *State v. Porter,* 259 Neb. 366, 610 N.W.2d 23 (2000). The paramount concern and question in determining child support, whether in the initial marital dissolution action or in proceedings for modification of a decree, is the best interests of the children. *Riggs v. Riggs, supra; Sabatka v. Sabatka,* 245 Neb. 109, 511 N.W.2d 107 (1994). The children and the custodial parent

should not be penalized by delay in the legal process, nor should the noncustodial parent gratuitously benefit from such delay. *Riggs v. Riggs, supra*; *Lebrato v. Lebrato*, 3 Neb. App. 505, 529 N.W.2d 90 (1995). We conclude as a matter of law that the mandate provided that the increase in the amount of Debra's child support obligation was to take effect as of the date specified in the district court's August 31, 1998, order. That order declares that Debra's increased child support obligation would commence October 1, 1998. Therefore, Debra must pay child support of $1,314 per month from and after October 1, 1998, and the district court erred as a matter of law in its interpretation of the mandate. Because the district court was without power to affect rights and duties outside the scope of the mandate, its order determining that the $1,314 was to commence only after the issuance of the mandate is void. See *State ex rel. Hilt Truck Line v. Jensen*, 218 Neb. 591, 357 N.W.2d 455 (1984).

In *Riggs*, decided during the pendency of this appeal, we stated the general rule that "absent equities to the contrary . . . modification of a child support order should be applied retroactively to the first day of the month following the filing date of the application for modification." *Ante* at 356, 622 N.W.2d at 870. In this case, the issue of retroactivity was not presented in either the district court or on appeal, and the mandate at issue was received prior to our decision in *Riggs*. We therefore do not address the issue of retroactivity.

## CONCLUSION

The mandate issued by the Court of Appeals incorporated the opinion of that court by reference. The language and rationale of the opinion clearly reflect that the appellate court modified the order of the trial court. Therefore, we hold that the increase in Debra's child support obligation became effective as of October 1, 1998, the date set forth in the August 31 order of the district court. The district court's order stating otherwise is vacated, and the cause is remanded to the district court for execution of the mandate of the Court of Appeals in a manner consistent with this opinion.

VACATED AND REMANDED WITH DIRECTIONS.