the cause, however, for the court to determine whether to assess all or any part of the incorrectly assessed fess against Brydon's estate.

Affirmed in part, and in part reversed and remanded for further proceedings on the issue of fees.

David J. Klingelhoefer, as Successor Trustee of the Constance K. Klingelhoefer Revocable Trust and as manager of Constance Klingelhoefer, L.L.C., appellee, v. Kerry L. Monif et al., appellants.

___ N.W.2d ___

Filed October 11, 2013.    No. S-12-1117.

1. **Jurisdiction: Appeal and Error.** The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court.
2. **Courts: Appeal and Error.** After receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court.
3. **Courts: Judgments: Appeal and Error.** A district court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court.
4. ____: ____: ____. The judgment of the appellate court is a final judgment in the cause, and the entry thereof in the lower court is a purely ministerial act.
5. **Judgments.** After a mandate is issued, no modification of the judgment so directed can be made, nor may any provision be engrafted on or taken from it.
6. ____. A mandate is conclusive on the parties, and no judgment or order different from, or in addition to, the mandate can have any effect.
7. **Attorney Fees: Appeal and Error.** An appellate court may award attorney fees on appeal regardless of whether they were requested or ordered in the trial court.
8. **Attorney Fees: Words and Phrases.** In the context of Neb. Rev. Stat. § 25-824 (Reissue 2008), a frivolous action is one in which a litigant asserts a legal position so wholly without merit as to be ridiculous.
9. **Actions.** Any doubt whether a legal position is frivolous or taken in bad faith should be resolved for the party whose legal position is in question.

Appeal from the District Court for Buffalo County: John P. Icenogle, Judge. Vacated and dismissed.

David J. Lanphier, of Broom, Clarkson, Lanphier & Yamamoto, for appellants.

Daniel E. Klaus, of Rembolt Ludtke, L.L.P., for appellee.

Wright, Connolly, Stephan, McCormack, and Miller-Lerman, JJ.

McCormack, J.

## NATURE OF CASE

David J. Klingelhoefer, as successor trustee of the Constance K. Klingelhoefer Revocable Trust (Trust) and as manager of Constance Klingelhoefer, L.L.C. (LLC), filed a declaratory action with the district court. Constance K. Klingelhoefer's other children, as beneficiaries of the Trust and members of the LLC (the beneficiaries), filed counterclaims for a declaratory judgment and for an accounting. The district court entered judgment for David on the declaratory judgment actions and held a trial for an accounting. After trial, the district court generally found in favor of David. The beneficiaries appealed, and the Nebraska Court of Appeals affirmed in an unpublished memorandum opinion.[1] After the Court of Appeals issued its mandate, David moved for attorney fees and postjudgment interest and the district court entered an order in his favor. The beneficiaries now appeal.

## Background

In the first appeal, the Court of Appeals set out the following facts, which have been relied upon and summarized for purposes of this appeal: Constance was the mother of 11 children. Before her death in 2006, Constance executed a number of documents to effect an estate. To reduce taxes, she created the LLC and transferred her real estate to the LLC. She gave interests in the LLC to each of her 11 children and kept an interest for herself. To avoid probate, Constance created a trust. Constance also created a will, directing that upon her death, any remaining real or personal property in her possession be transferred to the Trust.

After her death, her son David, as trustee of the Trust and as manager of the LLC, brought an action seeking a

---

[1] *Klingelhoefer v. Monif*, No. A-11-056, 2012 WL 148730 (Neb. App. Jan. 17, 2012) (selected for posting to court Web site).

declaratory judgment which would allow the sale of the real estate pursuant to "Article Fourth" of the Trust. The beneficiaries brought counterclaims for a finding that provisions of the LLC should govern disposition of the real property and requested an accounting. Both parties moved for summary judgment on the question of whether the Trust document or the LLC document should govern disposition of the real property.

The district court found that the only construction of the Trust and LLC documents that would effectuate Constance's intent would be for the terms of the Trust to control the disposition. The case proceeded to trial on the request for an accounting. The court found that David did not engage in self-dealing and that he did not breach his fiduciary duties. In particular, the court found that David did not breach his fiduciary duty by charging the Trust and LLC for the attorney fees he incurred in pursuing the declaratory judgment and defending the accounting claims. The beneficiaries appealed and posted a supersedeas bond.

In an unpublished opinion, the Court of Appeals affirmed. On April 4, 2012, the Court of Appeals issued its mandate. The mandate stated that "the judgment which you [the district court] rendered has been affirmed by the Court of Appeals." Furthermore, the mandate ordered that the district court "shall, without delay, proceed to enter judgment in conformity with the judgment and opinion of this court."

On April 9, 2012, David filed with the district court a motion for an award of costs, expenses, and attorney fees against the beneficiaries under Neb. Rev. Stat. §§ 25-1705 et seq. (Reissue 2008 & Cum. Supp. 2012) and 25-1914 to 25-1918 and 30-3893 (Reissue 2008). The motion further requested payment out of the supersedeas bond and, if that was inadequate, then for judgment against the beneficiaries.

A hearing was held on the motion on July 6, 2012. David offered into evidence the affidavit of his attorney, which addressed the costs and attorney fees incurred during the lawsuit, and the affidavit of a certified public accountant, which addressed the damages suffered by the extended delay in the sale of the real estate. In response, the beneficiaries offered

the affidavit of a certified public accountant in opposition to the accountant's affidavit offered by David.

On October 29, 2012, the district court issued its order. The district court found that the request being made to recover attorney fees, expenses, and interest was proper under § 30-3893. It also found that the sale of property was in fact delayed because of the continuing litigation of the beneficiaries. The court awarded David postjudgment interest in the amount of $80,531.35, costs in the amount of $818.40, and reasonable attorney fees in the amount of $164,728.86. The beneficiaries now appeal.

## ASSIGNMENTS OF ERROR

The beneficiaries have assigned, restated and summarized, that the district court erred in (1) awarding David costs, expenses, and attorney fees for the trial and appeal after the mandate from the Court of Appeals; (2) granting interest, costs, expenses, and attorney fees at a hearing on the supersedeas bond which exceeds the terms of the coverage under applicable law; and (3) not granting the beneficiaries' request for attorney fees pursuant to Neb. Rev. Stat. § 25-824 (Reissue 2008) for David's filing of the postjudgment motion for attorney fees and costs, which they contend was frivolous.

## STANDARD OF REVIEW

[1] The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court.[2]

## ANALYSIS

The beneficiaries argue that the district court erred when it awarded David costs, expenses, and attorney fees for the trial and appeal because the request was made after the Court of Appeals had filed its mandate. We agree.

[2-6] We have stated that after receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court.[3] A district court

[2] *Gabel v. Polk Cty. Bd. of Comrs.*, 269 Neb. 714, 695 N.W.2d 433 (2005).

[3] *Pennfield Oil Co. v. Winstrom*, 276 Neb. 123, 752 N.W.2d 588 (2008).

has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court.[4] The judgment of the appellate court is a final judgment in the cause, and the entry thereof in the lower court is a purely ministerial act.[5] No modification of the judgment so directed can be made, nor may any provision be engrafted on or taken from it.[6] That order is conclusive on the parties, and no judgment or order different from, or in addition to, the mandate can have any effect. [7]

Here, the issue is whether the award of costs, expenses, and attorney fees was outside the scope of the mandate. The construction of a mandate issued by an appellate court presents a question of law on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[8] The mandate given by the Court of Appeals is clear; the district court's judgment had been affirmed. The district court was to enter judgment in conformity with the Court of Appeals' judgment and opinion, without delay. The Court of Appeals did not award the costs, postjudgment interest, and attorney fees requested by David. Therefore, David's motion was attempting to obtain further relief, which he had not previously requested from the district court or the Court of Appeals. As we stated in *VanHorn v. Nebraska State Racing Comm*.,[9] when a request for damages, costs, and fees is outside the mandate of the appellate court, the district court lacks jurisdiction to rule on such a motion.

The district court was, therefore, without jurisdiction to consider the motion and should have dismissed it without

---

[4] See *Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 610 N.W.2d 391 (2000).

[5] See *K N Energy, Inc. v. Cities of Broken Bow et al*., 248 Neb. 112, 532 N.W.2d 32 (1995).

[6] *VanHorn v. Nebraska State Racing Comm*., 273 Neb. 737, 732 N.W.2d 651 (2007).

[7] *Id*.

[8] *Pursley v. Pursley*, 261 Neb. 478, 623 N.W.2d 651 (2001).

[9] *VanHorn, supra* note 6.

prejudice.[10] If David had a further cause of action arising out of the Court of Appeals' decision, he needed to file a new lawsuit and present evidence in that case.[11] He may not, however, simply extend his request for relief beyond that which was initially determined by the Court of Appeals.[12] Therefore, we vacate the October 29, 2012, order granting David costs, expenses, and attorney fees.

[7] Finally, we must also address whether the motion filed by David was frivolous. On appeal, the beneficiaries moved this court for an award of attorney fees pursuant to § 25-824, claiming that David's motion for costs, expenses, and attorney fees was wholly without merit. Although the beneficiaries did not seek attorney fees at the hearing before the district court, an appellate court may award attorney fees on appeal regardless of whether they were requested or ordered in the trial court.[13]

[8,9] Section 25-824 provides generally that a court can award reasonable attorney fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense that a court determines is frivolous or made in bad faith.[14] In the context of § 25-824, a frivolous action is one in which a litigant asserts a legal position so wholly without merit as to be ridiculous.[15] Any doubt whether a legal position is frivolous or taken in bad faith should be resolved for the party whose legal position is in question.[16] Sanctions should not be imposed except in the clearest cases.[17]

---

[10] See *State v. Shelly*, 279 Neb. 728, 782 N.W.2d 12 (2010).

[11] *Gates v. Howell*, 211 Neb. 85, 317 N.W.2d 772 (1982).

[12] *Id*.

[13] See *Foiles v. Midwest Street Rod Assn. of Omaha*, 254 Neb. 552, 578 N.W.2d 418 (1998).

[14] *Central Neb. Pub. Power Dist. v. North Platte NRD*, 280 Neb. 533, 788 N.W.2d 252 (2010).

[15] See *Chicago Lumber Co. of Omaha v. Selvera*, 282 Neb. 12, 809 N.W.2d 469 (2011).

[16] *Id*.

[17] *First Nat. Bank v. Chadron Energy Corp.*, 236 Neb. 199, 459 N.W.2d 736 (1990).

Here, David's motion was without merit because the district court lacked jurisdiction. But, the fact that the district court granted David's motion indicates that such a legal position should not be deemed frivolous. We conclude that the motion was not brought in bad faith. We decline to award attorney fees on appeal to the beneficiaries on the ground that the motion was frivolous.

## CONCLUSION

For the reasons discussed, we vacate the district court's order granting David costs, expenses, and attorney fees and deny the beneficiaries' request for attorney fees pursuant to § 25-824.

VACATED AND DISMISSED.

HEAVICAN, C.J., and CASSEL, J., not participating.