court for Boone County, where the action was brought first, had jurisdictional priority.

Because the district court for Boone County did not transfer the cause or otherwise relinquish its continuing jurisdictional priority, the district court for Madison County did not err in vacating its orders, denying the mother's motion for change of venue, and dismissing the complaint. It was proper for the district court for Madison County to defer to the district court for Boone County, in which these matters were still pending.

## CONCLUSION

For the foregoing reasons, we affirm the district court's order vacating its prior rulings, overruling the mother's motion for change of venue, and dismissing the mother's complaint without prejudice.

AFFIRMED.

HEAVICAN, C.J., not participating.

––––––––––––––

STATE OF NEBRASKA, APPELLEE, v.
CHRISTOPHER M. PAYNE, APPELLANT.
___ N.W.2d ___

Filed November 14, 2014.    No. S-13-495.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
2. **Postconviction: Constitutional Law: Proof.** A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.
3. **Postconviction: Proof.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.
4. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

  5. **Postconviction: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.
  6. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion.
  7. **Postconviction: Constitutional Law.** Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations.
  8. **Pleas: Waiver.** A plea of guilty generally embodies a waiver of every defense to the charge, whether procedural, statutory, or constitutional.
  9. **Pleas: Effectiveness of Counsel.** When a defendant pleads guilty, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.
 10. **Postconviction: Appeal and Error.** The operation of the procedural bar prevents defendants from securing postconviction review of issues which were or could have been litigated on direct appeal.
 11. **Postconviction: Effectiveness of Counsel: Conflict of Interest: Appeal and Error.** Where trial counsel and appellate counsel are the same, a postconviction motion is a defendant's first opportunity to raise a claim of ineffective assistance of trial counsel. This is so because counsel cannot be expected to argue his or her own ineffectiveness; to require such would create the potential for a conflict of interest.
 12. **Attorney and Client.** An attorney who has appeared as an attorney of record cannot terminate the attorney-client relationship by withdrawal until application is made to the court and leave to withdraw is granted; until such occurs, the attorney-client relationship continues until the end of litigation.

Appeal from the District Court for Sarpy County: WILLIAM B. ZASTERA, Judge. Reversed and remanded with directions.

Christopher M. Payne, pro se, and, on brief, Michael J. Wilson, of Schaefer Shapiro, L.L.P., for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Christopher M. Payne appeals from the district court's denial, without an evidentiary hearing, of his motion for postconviction relief. We reverse, and remand with directions.

## FACTUAL BACKGROUND

Payne was charged by information on April 27, 2005, with first degree sexual assault on a child, incest, and sexual

assault of a child. Pursuant to a plea agreement, Payne pled no contest to first degree sexual assault on a child and was sentenced to 40 to 50 years' imprisonment. Payne did not file a direct appeal.

Payne filed a motion for postconviction relief on August 24, 2012, and subsequently filed an amended and second amended motion. In his operative motion, Payne alleges that his trial counsel (he was represented by two different counsel prior to his conviction) were ineffective in (1) failing to preserve his speedy trial rights and filing a motion to discharge based on that violation; (2) failing to move for discharge following a preindictment delay; (3) failing to adequately investigate possible defenses, specifically, not hiring an expert witness; (4) failing to request dismissal before the county court for the State's failure to provide sufficient evidence as to venue and corpus delicti and in failing to file a plea in abatement or motion to quash on these grounds; and (5) advising him to plead guilty or no contest despite the fact that a law enforcement witness testified falsely. In addition, Payne alleges that he should be permitted to withdraw his no contest plea due to the aforementioned false testimony.

The district court denied Payne's motion without an evidentiary hearing. Payne appeals.

## ASSIGNMENTS OF ERROR

Payne assigns that the district court erred in (1) denying Payne's motion without an evidentiary hearing and (2) not finding merit in Payne's allegations through plain error review.

## STANDARD OF REVIEW

[1] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.[1]

[2-4] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion

---

[1] *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012).

contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.[2] If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.[3] In appeals from postconviction proceedings, we review de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[4]

[5,6] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.[5] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion.[6]

## ANALYSIS

In his first assignment of error, Payne argues that the district court erred in denying his motion without an evidentiary hearing. In particular, Payne contends that the district court incorrectly concluded that his claims were procedurally barred.

[7-9] To begin, we note that Payne pled no contest and thus has waived all of his claims except his claim that counsel was ineffective in advising him to plead no contest. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations.[7] And, a plea of guilty generally embodies a waiver of every defense to the charge, whether procedural, statutory, or constitutional.[8] When a defendant pleads guilty, he or she is

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *State v. Bazer*, 276 Neb. 7, 751 N.W.2d 619 (2008).

[8] *Id.*

limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.[9]

The only remaining issue left on appeal, then, is whether Payne's failure to pursue a direct appeal means that Payne's one remaining claim—that his trial counsel was ineffective in advising him to plead no contest—is procedurally barred.

[10,11] The operation of the procedural bar prevents defendants from securing postconviction review of issues which were or could have been litigated on direct appeal.[10] Where trial counsel and appellate counsel are the same, a postconviction motion is a defendant's first opportunity to raise a claim of ineffective assistance of trial counsel.[11] This is so because counsel cannot be expected to argue his or her own ineffectiveness; to require such would create the potential for a conflict of interest.[12]

In *State v. Bazer*,[13] this court held that allegations of ineffective assistance of counsel were not procedurally barred despite the failure of the defendant to file a direct appeal or to allege that his counsel was ineffective for failing to file a direct appeal. In so concluding, we noted:

When a defendant was represented both at trial and on direct appeal by the same lawyers, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief. The same is true where trial counsel elects not to file a direct appeal at all. The current postconviction action, in which [the defendant] was appointed counsel different from his trial counsel, is [the defendant's] first opportunity to challenge trial counsel's effectiveness.[14]

---

[9] *Id.*

[10] See *id.*

[11] See *id.*

[12] See *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006).

[13] *State v. Bazer, supra* note 7.

[14] *Id.* at 18, 751 N.W.2d at 627.

We held similarly in *State v. Barnes*.[15] There, we concluded that trial counsel was not ineffective for failing to file a direct appeal when the record established that the defendant did not direct his trial counsel to do so. We then addressed the defendant's other allegations of ineffective assistance of trial counsel, concluding that they lacked merit. In contrast, we found one trial error not related to the ineffective assistance of trial counsel to be procedurally barred and declined to address it.

An examination of case law reveals an application of the proposition noted above—that where a defendant is represented both at trial and on appeal by the same lawyers, the defendant's first opportunity to assert the ineffective assistance of trial counsel is in a postconviction motion. This case law indicates that this result is not affected by the failure to file a direct appeal, so long as the defendant is still represented by trial counsel during the time a direct appeal could be filed. Under those circumstances, we would not expect trial counsel to raise his or her own ineffectiveness on direct appeal, regardless of whether such appeal is made.

But in order to determine whether an action is procedurally barred where no direct appeal was filed, a postconviction court must know whether trial counsel was still serving as counsel to the defendant during that critical period in which a direct appeal could be filed. If trial counsel was still engaged as counsel, trial counsel could not be expected to raise or address his or her own ineffectiveness, and the failure to file such an appeal would not result in those claims being procedurally barred in a later postconviction action. But if trial counsel were not still defendant's counsel, then those claims relating to the ineffective assistance of trial counsel could be raised in a direct appeal and would be procedurally barred in a later postconviction action.

[12] An attorney who has appeared as an attorney of record cannot terminate the attorney-client relationship by withdrawal until application is made to the court and leave to withdraw

---

[15] *State v. Barnes*, 272 Neb. 749, 724 N.W.2d 807 (2006). But see *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002).

is granted; until such occurs, the attorney-client relationship continues until the end of litigation.[16] In this case, a review of the record establishes that trial counsel had not withdrawn and thus was still engaged as counsel during the critical appeals period. As such, Payne's claims are not procedurally barred, and the district court erred in concluding otherwise. We therefore reverse the judgment and remand the cause with directions.

## CONCLUSION

The decision of the district court dismissing Payne's postconviction motion is reversed, and the cause is remanded with directions.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[16] 7A C.J.S. *Attorney & Client* § 270 (2004). See, also, Neb. Ct. R. § 6-1510.

---

IN RE INTEREST OF SHAYLA H. ET AL.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
DAVID H., APPELLANT.
___ N.W.2d ___

Filed November 14, 2014.    No. S-13-643.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
2. **Indian Child Welfare Act: Parental Rights: Proof.** At any point in an involuntary juvenile proceeding involving Indian children at which a party is required to demonstrate its efforts to reunify or prevent the breakup of the family, the active efforts standard of the Indian Child Welfare Act of 1978 and the Nebraska Indian Child Welfare Act applies in place of the reasonable efforts standard applicable in cases involving non-Indian children.

Petition for further review from the Court of Appeals, INBODY, Chief Judge, and MOORE and RIEDMANN, Judges, on appeal thereto from the Separate Juvenile Court of Lancaster County, LINDA S. PORTER, Judge. Judgment of Court of Appeals affirmed.