IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

TABB ENTERS. V. STEVENS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MANJIT BAJWA, DOING BUSINESS AS TABB ENTERPRISES, APPELLEE,

V.

ROBERT STEVENS ET AL., APPELLANTS.

Filed January 27, 2015.    No. A-14-296.

Appeal from the District Court for Douglas County: TIMOTHY P. BURNS, Judge. Affirmed.

Douglas W. Ruge for appellants.

Daniel S. Reeker, of Khaleeq Law Firm, L.L.C., for appellee.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

MOORE, Chief Judge.

The underlying litigation in this case--a quiet title action--involved a dispute concerning the existence of valid deeds of trust in favor of Manjit Bajwa d/b/a Tabb Enterprises on two subject properties. The district court initially entered summary judgment in favor of Robert Stevens, Thomas Stevens, Guardian Real Estate (Guardian), and the Bank of Bennington. In case No. A-12-0813, this court reversed the district court's order of summary judgment, finding a genuine issue of material fact existed concerning the existence of valid deeds of trust on the properties. Following a trial on remand, the district court entered a declaratory judgment against Tabb Enterprises. However, the district court denied Robert, Thomas, and Guardian's request for attorney fees, finding that Tabb Enterprises' claims did not constitute slander of title and were not frivolous. Robert, Thomas, and Guardian Real Estate appeal from the court's denial of their request for attorney fees. We find the district court did not abuse its discretion when denying that request and affirm the district court's judgment.

- 1 -

## FACTUAL BACKGROUND

Tabb Enterprises is a general partnership that is composed of Manjit Bajwa and his wife Betty Bajwa. The partnership had invested in real estate throughout the Omaha area, including the purchasing and selling of rental homes and apartments. In 1994, Tabb Enterprises began a business relationship with Robert Stevens. During this relationship, Tabb Enterprises often sold Robert properties and provided Robert with financing for those purchases.

On September 2, 1994, Robert executed a deed of trust granting Tabb Enterprises a security interest in real property commonly described as 2753 Sharon Drive in Omaha. This instrument was recorded with the Douglas County Register of Deeds, Mortgages Book 4403 Page 96. The deed of trust secured a promissory note in the amount of $33,500.

On or about October 6, 1994, Robert executed a deed of trust granting Tabb Enterprises a security interest in real property commonly described as 1309-1311 North 36th Street in Omaha. The deed of trust was recorded in the Douglas County Register of Deeds, Mortgages Book 4419 Page 700. This instrument secured a promissory note in the amount of $38,500.

Then, in January 31, 1995, Robert executed a deed of trust granting Tabb Enterprises a security interest in 18 additional properties. The parties referred to this deed of trust as the "Master Deed of Trust" and it was recorded in the Douglas County Register of Deeds, Mortgages Book 4472 Page 475. This deed of trust secured a promissory note from Robert to Tabb Enterprises in the amount of $335,000.

In each of the above three deeds of trust, Robert Stevens is listed as the trustor/borrower and Tabb Enterprises is listed as the beneficiary/lender. The deed of trust encumbering 2753 Sharon Drive names Jerrold Fennell as trustee, whereas Robert Decker is listed as the trustee on the deed of trust encumbering 1309-1311 North 36th Street and on the Master Deed of Trust. Robert Decker and Fennell are both attorneys. After Robert Decker's death, his son, Michael Decker, took over his father's law practice.

Tabb Enterprises and Robert Stevens modified the loan secured by the Master Deed of Trust a number of times. Manjit testified that these modifications were the result of various properties being sold and Robert falling behind on property taxes and payments to Tabb Enterprises. The most recent modification, Modification Agreement Number Five, was recorded on July 30, 2003 in the Douglas County Register of Deeds. This instrument reflects that Tabb Enterprises held a first position security interest against six Omaha properties which are commonly described as: (1) 2753 Sharon Drive; (2) 1309-1311 North 36th Street; (3) 3528 North 40th Street; (4) 3921 Blondo Street; (5) 4309 Corby Street; and (6) 5545 North 34th Street. Modification Agreement Number Five secures a promissory note in the amount of $140,000.

In 2003, Robert refinanced his debt with Tabb through TeamBank. Marc Beals was the TeamBank representative who assisted with the refinance. During the refinancing process, Beals requested Tabb Enterprises provide payoffs for five of the properties listed in Modification Agreement Number Five, including 2753 Sharon Drive and 1309-1311 North 36th Street. However, TeamBank never requested a payoff for 5545 North 34th Street. Tabb Enterprises responded that the payoffs for 2753 Sharon Drive and 1309-1311 North 36th Street amounted to

$34,275 for each property. The total payoff amount for all of the requested properties was $102,932.98.

Manjit testified that he had many conversations with Beals during the refinance process. According to Manjit, Beals informed him that TeamBank would overpay on the Corby Street property. Manjit agreed that an overpayment could be made on the Corby Street property and that the overpayment would be applied to the total outstanding loan balance.

In August 2003, TeamBank sent Tabb Enterprises a number of cashier's checks in response to its payoffs. Among these cashier's checks were two checks in the amounts of $12,363.31 and $12,160.15. These two checks explicitly stated that they represented the respective payoffs for 2753 Sharon Drive and 1309-1311 North 36th Street. Clearly, these two checks were less than the $34,275 Tabb Enterprises represented as the outstanding balances on each of these properties. Despite the discrepancies, Tabb Enterprises cashed the checks and Manjit admitted that he received a payoff which totaled $102,932.98. Manjit never contacted TeamBank to discuss the checks he received.

On September 8, 2003, Michael Decker, as substitute trustee, executed a deed of reconveyance which released Tabb Enterprises' security interest in five properties. The affected properties included 1309-1311 North 36th Street and 5545 North 34th Street, even though TeamBank did not request a payoff for that property. The deed of reconveyance was recorded on September 22, 2003 in the Douglas County Register of Deeds. There is no recorded reconveyance for 2753 Sharon Drive.

Following the refinance through TeamBank, Robert still owed Tabb Enterprises approximately $38,000 under Modification Agreement Number Five. Manjit testified that he remained secured for this amount under the modification agreement. By 2007, Robert had fallen further behind on his obligation to Tabb Enterprises and a new promissory note was executed. The new note was for $67,200. Within this promissory note there is a reference to a deed of trust, but no particular deed of trust is designated.

On February 14, 2011, Manjit and Betty sued Robert alleging that Robert had defaulted on the 2007 promissory note. They sought a total of $104,892, which included accrued interest. Sometime after Manjit and Betty filed their complaint, Robert filed for chapter 7 bankruptcy. We do not have the bankruptcy proceedings in the record before us and it is not clear how the bankruptcy affected the properties at issue in this case. Robert testified that the promissory note was ultimately discharged through bankruptcy.

On or about August 2, 2011, Tabb Enterprises sued "Roger Hale d/b/a Guardian Real Estate" in Douglas County Small Claims Court for $3,500. Tabb Enterprises claimed that Guardian collected rents from the tenants at 2753 Sharon Drive and 1309-1311 North 36th Street without authority. Tabb Enterprises further alleged that it had sold those properties to Robert Stevens and that Tabb Enterprises possessed a first lien on the properties. Guardian transferred the case to the county court and denied Tabb's claims.

On August 30, 2011, Guardian filed a motion for summary judgment. In an affidavit attached to its motion, Guardian disclosed that it had been hired by Robert and Thomas Stevens to serve as the property manager for 2753 Sharon Drive and 1309-1311 North 36th Street. Guardian claimed that it collected rents for these properties and turned them over to the

Stevenses. On October 14, 2011, the county court entered an order granting Guardian's motion for summary judgment. Tabb Enterprises did not appeal from that order.

On December 12, 2011, Tabb Enterprises proceeded to file two notices of default in the Douglas County Register of Deeds. The notices of default related to the deed of trust executed on September 2, 1994, which encumbered 2753 Sharon Drive and the deed of trust executed on October 6, 1994, which encumbered 1309-1311 North 36th Street.

On February 2, 2012, Tabb Enterprises filed its two operative complaints seeking to quiet title to 2753 Sharon Drive and 1309-1311 North 36th Street in the district court for Douglas County. Tabb Enterprises alleged that Robert had defaulted on the notes secured by the deeds of trust and claimed that it was entitled to "proper ownership and possession" of both properties. It also alleged that no deed of reconveyance had been recorded for 2753 Sharon Drive. The complaints also included causes of action for unjust enrichment and collection of rents until the conclusion of the lawsuit.

The complaints name Robert Stevens, Thomas Stevens, Guardian Real Estate, and the Bank of Bennington as defendants. Thomas Stevens is Robert's father and Tabb Enterprises alleged that Robert granted a one-half interest in both of the above properties to Thomas. As noted above, Guardian was hired by Robert and Thomas to manage both properties. Guardian's management duties included collecting rent from the tenants. Finally, the Bank of Bennington entered into deeds of trust with Robert Stevens in 2009 that encumbered the subject properties.

Robert, Thomas, and Guardian (the Stevens Defendants) filed a joint answer in which they denied all of Tabb Enterprises' claims. The Stevens Defendants also counter-claimed that Tabb Enterprises' actions constituted slander of title which entitled them to attorney fees and costs. They alleged that the deeds of trust encumbering both 2753 Sharon Drive and 1309-1311 North 36th Street had been paid and satisfied. The Bank of Bennington filed a separate answer in which it alleged that both deeds of trust had been satisfied and that Tabb Enterprises wrongfully failed to acknowledge payment.

On July 10, 2012, the Stevens Defendants filed a motion for summary judgment and the Bank of Bennington filed its motion for summary judgment soon thereafter. On August 10, 2012, the district court granted both motions in a written order. Even though it granted the motions for summary judgment, the court denied the Stevens Defendants' request for attorney fees in what the court characterized as a "close call". The district court later amended its order to specifically extinguish any interest that Tabb Enterprises or Manjit had in 2753 Sharon Drive and 1309-1311 North 36th Street. Tabb Enterprises appealed from the amended order and the Stevens Defendants cross-appealed.

In case No. A-12-813, this court reversed the district court's order. In our analysis, we determined that there were material issues of fact as to how the payment overage should have been applied, whether the recorded deed of reconveyance properly released 1309-1311 North 36th Street, and whether Michael Decker had authority to execute the deed of reconveyance. We refer the reader to that opinion for the complete analysis.

Following this court's remand, the district court held a trial on January 21 and 28, 2014. At trial, Manjit acknowledged that he received payment from TeamBank which fully satisfied the total amount of the payoffs he had submitted. He also admitted that he had read the checks he

received before cashing them and was aware that he received a lesser payoff for both 2753 Sharon Drive and 1309-1311 North 36th Street than he had requested. Further, he conceded that he did not do anything to address the language on the checks. Nonetheless, Manjit testified that the discrepancies on the checks did not concern him because of his conversations with Beals regarding TeamBank's proposed overpayment as to the property on Corby Street. Manjit testified that he applied this overpayment to the total balance on the promissory note.

Manjit also asserted that he never gave authority to Michael Decker to execute any deed of reconveyance. He testified that if he had been requested to release Tabb Enterprises' interest in any of the properties he would have first reviewed the remaining balance of the promissory note and determined whether his loan was still secured by sufficient collateral. Manjit understood that any lender would require to be in first lien position when extending a loan and he agreed that he had executed releases in the past, but he maintained that he had not been required to execute releases for the properties subject to the refinance. He stated that it never occurred to him to release the properties.

The Stevens Defendants and the Bank of Bennington submitted evidence contradicting much of Manjit's testimony. Specifically, they adduced into evidence two emails from Manjit to Michael Decker in which Manjit specifically acknowledged that the promissory note which Robert executed in 2007 was not secured by any collateral. In one of these emails Manjit specifically wrote "I agreed, not smart, to have only a personal note, not attached to any collateral". Additionally, Beals testified that because TeamBank often resold mortgages on the secondary market, the bank followed a strict procedure to ensure that any prior lien encumbering property would be released. Beals stated that TeamBank would have performed a quality check to ensure that there had been compliance with the requirements on the title commitment and to ensure that the payoff letter and payoff amounts balanced. Beals stated that he had "no doubt at all" that Tabb Enterprises had authorized payoff and release of all properties.

Robert testified that no bank ever agreed to accept a second lien position while he was involved with Tabb Enterprises. Although Stevens did not directly deal with Tabb Enterprises regarding the payoffs during the refinance with TeamBank, Stevens testified that all five properties involved in the refinance were to be "completely paid off". Stevens further stated that Manjit did not assert any interest in the two subject properties until his 2007 promissory note to Tabb Enterprises was discharged in bankruptcy proceedings.

Michael Decker also testified as to his involvement in the refinance transaction. Although Decker did not have original documents from the transaction because he had purged his files from that time, he was able to recover some documents from an old computer. One of these documents was a draft of a facsimile transmittal from his office to Manjit which stated that a reconveyance was still needed to release 5545 North 34th Street. The transmittal also noted that Jerry Fennell remained as trustee for the deed of trust securing 2753 Sharon Drive and Decker offered to prepare the reconveyance for that property. A copy of a draft of a reconveyance for the 2753 Sharon Drive deed of trust was received into evidence at trial.

From the same old computer, Michael Decker also retrieved a letter dated September 11, 2003, that he had written to Manjit. The purpose of the letter was to conclude Decker Law

Office's business with Tabb Enterprises. Within this letter, Decker reminded Manjit that Fennell would have to sign an enclosed deed of reconveyance for 2753 Sharon Drive.

Michael Decker also contradicted Manjit's testimony that he never authorized Decker to serve as substitute trustee. Decker claimed that a substitution of trustee had been executed and recorded in the register of deeds which named him as substitute trustee after his father's death. This instrument was not introduced into evidence at trial. Decker further testified that Manjit had sued him alleging that Decker did not have authority to execute the deed of reconveyance in 2003. Decker testified that he prevailed on summary judgment in that case and Manjit did not appeal.

On March 10, 2014, the district court entered a written order granting a declaratory judgment which provided that Tabb Enterprises had no interest in 2753 Sharon Drive or 1309-1311 North 36th Street. Within the same order, the district court denied the Stevens Defendants' request for attorney fees. In explaining its decision to deny the request for fees, the court stated:

> While I am very much concerned with the fact [Tabb Enterprises] in Douglas County Court pursued a claim against Guardian Real Estate for rents on the disputed property and lost, but then filed this action seeking in part the same remedy, I cannot say [Tabb Enterprises] filed the action seeking to quiet title with the intention of slandering title or [Tabb Enterprises'] actions seeking to quiet title are frivolous or made in bad faith. The trial was mostly concerned with whether [Tabb Enterprises] had a legal interest in the disputed properties and the Nebraska Court of Appeals in reversing my decision to grant [the] motion for summary judgment ruled there were genuine issues of material fact as to the quiet title action.

The Stevens Defendants appeal.

## ASSIGNMENTS OF ERROR

The Stevens Defendants assert that the district court erred when it did not award them attorney fees under either Neb. Rev. Stat. § 76-296 (Reissue 2009) or § 25-824 (Reissue 2008).

## STANDARD OF REVIEW

On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *White v. Kohout*, 286 Neb. 700, 839 N.W.2d 252 (2013).

## ANALYSIS

The only issue in this appeal is whether the district court abused its discretion when it denied the Stevens Defendants' requests for attorney fees. Tabb Enterprises does not contest the declaratory judgment entered against it. The Stevens Defendants assert that they should have been awarded attorney fees under either § 76-296 or § 25-824. We address each argument separately.

*Attorney Fees for Slander of Title*.

The Stevens Defendants contend that Tabb Enterprises' actions in this case constituted slander of title. They assert that Tabb Enterprises filed notices of default, started the power of sale process to wrongfully take back the subject properties, and pursued this quiet action even though its interests in the properties had been extinguished. To defeat Tabb Enterprises' claims, the Stevens Defendants incurred more than $28,000 in attorney fees. They assert that § 76-296 permits them to recover those fees. The Stevens Defendants did not seek any other special damages for the alleged slander of title.

Section 76-296 provides:

> No person shall use the privilege of filing notices hereunder for the purpose of slandering the title to real estate and in any action brought for the purpose of quieting title to real estate, if the court shall find that any person has filed a claim for the purpose only of slandering title to such real estate, the court shall award the plaintiff all the costs of such action, including attorney fees to be fixed and allowed to the plaintiff by the court, and all damages that plaintiff may have sustained as the result of such notice of claim having been filed for record.

An action for slander of title is based upon a false and malicious statement, oral or written, which disparages a person's title to real or personal property and results in special damage. See *Wilson v. Fieldgrove*, 280 Neb. 548, 787 N.W.2d 707 (2010). The Nebraska Supreme Court has concluded that malice requires (1) knowledge that the statement is false or (2) reckless disregard for its truth or falsity. See *id*.

The district court concluded that Tabb Enterprises' actions did not constitute slander of title. We agree with that conclusion. The district court determined that Manjit's testimony as to his version of the 2003 refinance transaction with TeamBank was not as credible as the evidence adduced by the Stevens Defendants and the Bank of Bennington. The court also found that Manjit could not sufficiently explain why a lender such as TeamBank would agree to a refinance without the expectation of receiving a full release of the prior security interest. However, the district court found that a number of issues were somewhat unclear including the fact that no one ensured that a deed of reconveyance for 2753 Sharon Drive was obtained during the refinance process or shortly thereafter. The district court also expressed concern as to why Michael Decker recorded the deed of reconveyance which released 5545 North 34th Street when TeamBank had not requested a payoff for that property.

Although Tabb Enterprises' theory as to its interest in the subject properties was not strongly supported by the evidence presented at trial, we cannot say that its actions reached the level required for malice or supported a finding that the actions by Tabb Enterprises were taken only for the purpose of slandering the title to the subject properties. Therefore, the district court properly denied the Stevens Defendants' request for attorney fees under § 76-296.

*Attorney Fees for Frivolous Action*.

The Stevens Defendants also assert that they should have been awarded attorney fees under § 25-824 because Tabb Enterprises' action was frivolous. They argue that Manjit's

testimony as to why the properties were not released was disingenuous. Further, the Stevens Defendants claim that Tabb Enterprises used the present action to relitigate past issues involving Guardian's ability to collect rents and Michael Decker's authority to execute the deed of reconveyance in 2003.

Section 25-824 provides generally that a court can award reasonable attorney fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense that a court determines is frivolous or made in bad faith. *Klingelhoefer v. Monif*, 286 Neb. 675, 839 N.W.2d 237 (2013). The Nebraska Supreme Court has explained that the term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous. See *White v. Kohout*, 286 Neb. 700, 839 N.W.2d 252 (2013). Attorney fees for a bad faith action under § 25-824 may also be awarded when the action is filed for purposes of delay or harassment. *Id*. The Nebraska Supreme Court has also held that relitigating the same issue between the same parties may amount to bad faith. *Id*. Finally, any doubt whether a legal position is frivolous or taken in bad faith should be resolved for the party whose legal position is in question. *Id*.

The Stevens Defendants argue that there was no genuine issue that Tabb Enterprises received a full payoff on the subject properties as a result of the 2003 refinance and that the deeds of trust were extinguished at that time. However, this court concluded otherwise in reversing the summary judgment previously entered in this case. Specifically, we found that a number of material issues of fact needed to be resolved, including how the parties intended for the payment overage to be applied, whether 1309-1311 North 36th Street had been properly released from the deed of trust, and whether Michael Decker had authority to execute the deed of reconveyance in 2003. The fact that following remand Tabb Enterprises again lost its quiet title action on the merits after a full trial does not necessarily equate with a finding of bad faith.

While the district court concluded that Manjit's testimony was not as credible as other evidence, the court did not find that his testimony rose to the level of being ridiculous or otherwise find that Tabb Enterprises' legal position was wholly without merit. As the district court had the opportunity to observe the witnesses, we defer to its conclusion. Further, the district court concluded that Tabb Enterprises was not merely relitigating earlier claims. As the district court highlighted in its order, the present matter dealt primarily with the issue of whether Tabb Enterprises had any interest in the two subject properties. Although Tabb Enterprises again pursued recovery of rents against Guardian in this action, that issue was not the focus of the trial.

In determining whether the legal position taken by Tabb Enterprises was frivolous or taken in bad faith, the district court clearly, and properly, resolved any doubt it had in Tabb Enterprises' favor. There was at least some rational basis for Tabb Enterprises' claim which made an award of attorney fees under § 25-824 improper. The district court did not abuse its discretion when it denied the Stevens Defendants' claim for attorney fees under § 25-824.

## CONCLUSION

We affirm the district court's denial of the Stevens Defendants' request for attorney fees.

AFFIRMED.