Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/02/2018 09:15 AM CST

State of Nebraska, appellee, v.
Christopher M. Payne, appellant.
___ N.W.2d ___

Filed December 8, 2017.    No. S-16-1233.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Judgments: Appeal and Error.** The construction of a mandate issued by an appellate court presents a question of law on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
4. **Postconviction: Final Orders.** In a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final order as to the claims denied without a hearing.
5. **Judgments: Appeal and Error.** Where the mandate makes the opinion of an appellate court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon.
6. **Courts: Judgments: Appeal and Error.** A district court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court.
7. **____: ____: ____.** A lower court may not modify a judgment directed by an appellate court; nor may it engraft any provision on it or take any provision from it.
8. **Judgments: Appeal and Error.** No judgment or order different from, or in addition to, the appellate mandate can have any effect.
9. **Courts: Judgments: Jurisdiction: Appeal and Error.** Because a trial court is without power to affect rights and duties outside the scope of

the remand from an appellate court, any order attempting to do so is entered without jurisdiction and is void.

Appeal from the District Court for Sarpy County: WILLIAM B. ZASTERA, Judge. Order vacated, and cause remanded with directions.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

STACY, J.

This is Christopher M. Payne's second appeal from post-conviction proceedings before the district court for Sarpy County. In his first appeal, we reversed the district court's order denying postconviction relief and remanded the cause for an evidentiary hearing on Payne's claim that his no contest plea was the result of his trial counsels' ineffective assistance.[1] On remand, the district court interpreted our opinion to require an evidentiary hearing on a different issue, and Payne timely appeals from that order.

We conclude the district court misinterpreted the directions on remand and consequently entered an order that exceeded the scope of our mandate and was therefore void. We vacate the district court's order and remand the cause with directions.

## FACTS

In 2005, Payne was charged with first degree sexual assault of a child, incest, and sexual assault of a child. Pursuant to a plea agreement, he pled no contest to first degree sexual assault of a child and was sentenced to imprisonment for a term of 40 to 50 years. Payne did not file a direct appeal. His

---

[1] *State v. Payne*, 289 Neb. 467, 855 N.W.2d 783 (2014).

trial counsel had not withdrawn and was still engaged as counsel during the time an appeal could have been filed.

## Postconviction Motion

On August 24, 2012, Payne filed a verified motion for postconviction relief, and he thereafter filed amended and second amended motions. In his operative motion, Payne alleged his trial attorneys were ineffective in (1) failing to preserve his speedy trial rights by filing a motion to discharge; (2) failing to move for discharge following a preindictment delay; (3) failing to adequately investigate possible defenses, specifically, not hiring an expert witness; (4) failing to file a plea in abatement or motion to quash to challenge the State's failure to provide sufficient evidence as to venue and corpus delecti; and (5) advising him to plead guilty or no contest despite the fact that a law enforcement witness testified falsely. Read as a whole, Payne's postconviction motion asserted that if his trial counsel had not been ineffective in one or more of the five asserted ways, he would have insisted on going to trial and would not have entered his no contest plea.

The district court denied Payne's postconviction motion without conducting an evidentiary hearing, finding his allegations of ineffective assistance of trial counsel were procedurally barred because he had not filed a direct appeal. Payne timely appealed.

## First Appeal

This court reversed that denial and remanded the cause for further proceedings. In doing so, we generally addressed two issues: procedural bar and waiver. We concluded Payne's ineffective assistance of counsel claims were not procedurally barred, because Payne was still represented by trial counsel at the time a direct appeal could have been filed. We explained that because trial counsel represented Payne during the entire appeal period, Payne's first opportunity to raise ineffective assistance of trial counsel was in a motion for postconviction

relief, and consequently, his claims that trial counsel provided ineffective assistance were not procedurally barred.[2]

We also addressed whether Payne had waived any of the claims asserted in his postconviction motion by entering his plea of no contest. Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge.[3] Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.[4] In a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.[5]

In addressing the waiver issue, we noted that because Payne pled no contest, he "waived all of his claims except his claim that counsel was ineffective in advising him to plead no contest."[6] We then reversed the denial of his motion and remanded the cause for further proceedings on Payne's claims that his no contest plea was the result of his trial counsels' ineffective assistance.[7] The mandate issued accordingly and directed that judgment be entered "in conformity with the judgment and opinion of this court."

PROCEEDINGS ON REMAND

On remand, the district court set the matter for evidentiary hearing. Payne's postconviction counsel then filed a motion asking the trial court to determine the "nature and parameters"

---

[2] See, *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015); *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013).

[3] See, *State v. Lee*, 290 Neb. 601, 861 N.W.2d 393 (2015); *State v. Amaya*, 276 Neb. 818, 758 N.W.2d 22 (2008).

[4] See *State v. Bazer*, 276 Neb. 7, 751 N.W.2d 619 (2008).

[5] *Id.*

[6] *State v. Payne, supra* note 1, 289 Neb. at 470, 855 N.W.2d at 786.

[7] *State v. Payne, supra* note 1.

of the issues to be addressed at the evidentiary hearing. Payne's motion generally requested an evidentiary hearing on all five of his claims that his plea of no contest was the result of his trial counsels' ineffective assistance.

The district court issued an order finding that, based on its review of this court's opinion, the "sole" issue for evidentiary hearing was whether Payne's trial counsel was ineffective for failing to file a direct appeal. The court reasoned:

> After review of the [Supreme Court's opinion], the Court is of the opinion the issue that first must be decided is whether the failure of trial Counsel to file a Direct Appeal is grounds to determine that Counsel was incompetent and failed to meet the standard of care as an attorney.
>
> This being said, it is the opinion of this Court this is the sole issue to be determined at the hearing.

Payne timely appealed from the district court's order. We moved the appeal to our docket on our own motion.[8]

## ASSIGNMENTS OF ERROR

Payne assigns, restated and renumbered, that the trial court erred in (1) finding the evidentiary hearing was limited to the issue of whether trial counsel was ineffective in failing to file a direct appeal and (2) failing to hold an evidentiary hearing on the issue of whether Payne's no contest plea was the result of his trial counsels' ineffective assistance.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law.[9]

[2] The construction of a mandate issued by an appellate court presents a question of law, on which an appellate court

---

[8] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[9] *Karo v. NAU Country Ins. Co.*, 297 Neb. 798, 901 N.W.2d 689 (2017). See, *State v. Harris*, 292 Neb. 186, 871 N.W.2d 762 (2015); *State v. Meints*, 291 Neb. 869, 869 N.W.2d 343 (2015).

is obligated to reach a conclusion independent of the determination reached by the court below.[10]

## ANALYSIS

[3] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[11]

[4] We have consistently held that an order granting an evidentiary hearing on some issues and denying a hearing on others is a final order as to the claims denied without a hearing.[12] Because Payne has appealed the district court's order limiting the evidentiary hearing to a single issue and implicitly denying an evidentiary hearing on all other issues, we conclude he has appealed from a final, appealable order.

[5] Payne appeals from the district court's order interpreting the scope of this court's mandate following the first appeal. The construction of a mandate issued by an appellate court presents a question of law.[13] Where, as here, the mandate makes the opinion of the court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon.[14]

[6-9] A district court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court.[15] A lower court may not modify a judgment directed

---

[10] *Klingelhoefer v. Monif*, 286 Neb. 675, 839 N.W.2d 247 (2013).

[11] *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017).

[12] *State v. Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014); *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011).

[13] *Klingelhoefer v. Monif, supra* note 10.

[14] *Pursley v. Pursley*, 261 Neb. 478, 623 N.W.2d 651 (2001).

[15] *Klingelhoefer v. Monif, supra* note 10.

by an appellate court; nor may it engraft any provision on it or take any provision from it.[16] No judgment or order different from, or in addition to, the appellate mandate can have any effect.[17] Because a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court, any order attempting to do so is entered without jurisdiction and is void.[18]

We conclude the order entered by the district court on remand is void, because it attempted to affect rights and duties outside the scope of remand. The district court interpreted our mandate to require an evidentiary hearing on whether Payne's trial counsel provided ineffective assistance by failing to file a direct appeal. But Payne never alleged such a claim, and our opinion did not direct the district court to hold an evidentiary hearing on such a claim. To the contrary, our opinion in *State v. Payne*[19] held that the failure to file a direct appeal did not procedurally bar the "only remaining issue" that Payne's no contest plea was the result of his trial counsels' ineffective assistance, and the cause was remanded for an evidentiary hearing on that issue.

In a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.[20] Thus, Payne argues that on remand, he was entitled to an evidentiary hearing on his claims that his no contest plea was the result of his trial counsels' ineffective assistance. We observe that Payne's operative postconviction motion alleged five ways that the ineffective assistance of his trial counsel resulted in his accepting the plea offer instead of insisting on a trial. The State, both in its brief

---

[16] See *id.*

[17] *Id.*

[18] See *State v. Shelly*, 279 Neb. 728, 782 N.W.2d 12 (2010).

[19] *State v. Payne, supra* note 1, 289 Neb. at 471, 855 N.W.2d at 786.

[20] *Id.*, citing *State v. Bazer, supra* note 4.

and at oral argument before this court, generally agreed that under the mandate from *Payne*, Payne is entitled to an evidentiary hearing on each of those five claims.

By limiting the evidentiary hearing to whether trial counsel was ineffective in not filing a direct appeal, the district court's order following remand exceeded the scope of our mandate. Because the district court was without power to affect rights and duties outside the scope of the remand, the district court's order exceeded its jurisdiction, was void, and must be vacated.[21]

## CONCLUSION

For these reasons, we vacate the district court's order regarding the scope of the evidentiary hearing and we remand the cause with directions that an evidentiary hearing be held on Payne's claims that his no contest plea was the result of his trial counsels' ineffective assistance.

ORDER VACATED, AND CAUSE REMANDED
WITH DIRECTIONS.

WRIGHT, J., not participating in the decision.

---

[21] See, *State v. Shelly, supra* note 18; *Pursley v. Pursley, supra* note 14.