## CONCLUSION

Because the juvenile court's orders affected Melissa's substantial right to raise her children, they were final and appealable. Upon our de novo review, we find that the evidence supports the juvenile court's order changing the primary permanency objective from reunification with Melissa to adoption, with a concurrent plan of reunification with the father for the three oldest children and a concurrent plan of guardianship for the three youngest children. We therefore affirm the juvenile court's order in each case.

AFFIRMED.

――――――――――

STATE OF NEBRASKA, APPELLEE, v.
DONALD M. LEE, APPELLANT.
___ N.W.2d ___

Filed April 3, 2015.    No. S-14-537.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
2. **Postconviction: Pleas: Waiver: Effectiveness of Counsel.** Normally, a voluntary guilty plea waives all defenses to a criminal charge. However, in a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.
3. **Evidence: Appeal and Error.** An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, evaluate explanations, or reweigh the evidence presented, which are within a fact finder's province for disposition.

Appeal from the District Court for Lincoln County: DONALD E. ROWLANDS, Judge. Affirmed.

Donald M. Lee, pro se.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

WRIGHT, J.

## NATURE OF CASE

Donald M. Lee was convicted of second degree murder and sentenced to life imprisonment. On direct appeal in case No. S-09-779, he asserted only a claim of excessive sentence, which on December 10, 2009, we summarily affirmed. Lee now appeals the denial of his motion for postconviction relief, asserting that he was not brought to trial in a timely manner. The issue is whether the district court erred in denying Lee postconviction relief.

## SCOPE OF REVIEW

[1] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. McLeod*, 274 Neb. 566, 741 N.W.2d 664 (2007).

[2] Normally, a voluntary guilty plea waives all defenses to a criminal charge. However, in a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *State v. Amaya*, 276 Neb. 818, 758 N.W.2d 22 (2008). When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

## FACTS

The following statement of facts is based upon *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011), which was a prior postconviction action. In July 2008, the State filed a complaint in county court, charging Lee with first degree murder. On July 21, the court arraigned him. On November 3, after Lee waived his preliminary hearing, the State filed the information in district court, charging Lee with first degree murder.

On May 19, 2009, under a plea bargain, Lee pleaded no contest to one count of second degree murder. The district

court sentenced Lee to a term of 70 years to life in prison. His direct appeal asserted excessive sentence, and we summarily affirmed. Lee moved for postconviction relief and alleged violations of his right to speedy trial, his right to due process, and his right to effective assistance of counsel. The court denied relief without granting an evidentiary hearing. The court found that two continuances—one of a motion to suppress hearing and one of the trial itself—tolled the time in which Lee was to be brought to trial.

We reviewed Lee's first denial of postconviction relief, and we affirmed the district court's order in part. However, we reversed the judgment and remanded the cause with regard to Lee's claim that his trial counsel was ineffective for failing to assert his speedy trial rights.

We noted that Lee was mistaken in his claim that the speedy trial clock began to run July 18, 2008, the day the State filed the complaint, because that was not the operative date. Instead, we stated that the operative date was November 3, 2008, the date the State filed the information in district court. Although the court found that the speedy trial clock was tolled by several motions to continue, it did not show the dates during which those motions were pending.

We concluded that the district court should have certified and included in the transcript any files or records, which would have included any documents related to the supposed continuances considered by the court in denying Lee an evidentiary hearing. The record did not show who filed the continuances, when they were granted, or the duration of the continuances. We found that the record did not affirmatively show that Lee's ineffective assistance of counsel claim regarding his speedy trial claim was without merit. We reversed the district court's order in part and remanded the cause for further proceedings.

At the evidentiary hearing upon remand, the only testimony offered was the deposition of Robert Lindemeier, who was Lee's trial and direct appeal counsel. Lindemeier is an experienced criminal attorney who has practiced law since 1984. He stated in his deposition that he had defended 15 to 20 first degree murder cases and 10 to 15 second degree

murder cases and that he handles approximately 300 felonies per year. Lindemeier testified that Lee was charged with first degree murder in an information filed November 3, 2008. He had filed three motions to continue in the case on Lee's behalf, and he obtained Lee's verbal consent before filing each motion. He specifically told Lee that the time elapsed after a motion to continue was excluded from the 180-day speedy trial period, and he stated that Lee had no objection to the continuances.

The district court found that the first motion for continuance was filed January 23, 2009. The court sustained the motion on January 26 and continued the case until March 17. The purpose for the motion was to allow Lindemeier to take a number of depositions, file a motion to suppress, and await pending DNA results. According to Lindemeier, eight depositions were taken and he hired a private investigator and mitigation expert from Minnesota to work on the case. As a result of this continuance, 48 days were excluded for speedy trial purposes from January 26 to March 17, 2009. The second motion for continuance was filed on March 13, 2009. The court sustained the motion, and the speedy trial time was tolled an additional 48 days. The third motion was filed on March 17, 2009. The court sustained the motion and continued the case until May 19. Because of the overlap in the time period between the second and third motion, another 15 days were tolled from the speedy trial time period.

On May 13, 2014, the district court entered an order denying Lee's motion for postconviction relief. The court found that a total of 195 days had elapsed from the filing of the information on November 3, 2008, until Lee entered his plea of no contest on May 19, 2009. The court determined that a total of 111 days were excluded from the speedy trial statutory period by virtue of continuances sought by counsel for Lee. The court concluded that only 84 days had elapsed which were chargeable to the State pursuant to the speedy trial statute and that therefore, Lee's right to a speedy trial was not violated.

The district court's order discussed Lindemeier's substantial experience in representing clients in criminal cases and accepted his testimony. It found that Lindemeier obtained

Lee's verbal consent before seeking any of the continuances. Lee did not offer evidence at the evidentiary hearing. Lee now appeals.

## ASSIGNMENTS OF ERROR

Lee contends that the district court erred and abused its discretion in denying his motion for postconviction relief on his claim that his right to a speedy trial was violated.

Lee also assigns that the district court erred and abused its discretion by failing to determine whether Lee's Sixth Amendment rights were violated.

## ANALYSIS

In *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011), we determined that the record did not affirmatively show that Lee was not entitled to postconviction relief for ineffective assistance of counsel for failure to assert violation of his statutory speedy trial rights. The district court denied an evidentiary hearing because it found that Lee had asked for continuances which tolled the time in which the State had to commence the trial. Because of this tolling, the court concluded that the State had not violated Lee's right to a speedy trial. But the court did not certify and include in the transcript files and records that illustrated why it denied the evidentiary hearing. Therefore, we remanded the cause for further proceedings.

On remand, the district court conducted an evidentiary hearing to determine whether Lee's speedy trial rights had been violated and subsequently denied Lee's motion for postconviction relief. The issue is whether the court erred in denying Lee's motion.

The record presented to the district court contained sufficient evidence to support its finding that Lee's right to a speedy trial was not violated and that therefore, Lindemeier was not ineffective for failing to raise that argument. Lee's assertion that he had been denied a speedy trial was based on the mistaken belief that the date on which his speedy trial clock began was July 18, 2008, the date the complaint was filed, rather than November 3, 2008, the date the information was filed in district court. The record from the hearing

included documentation of the three continuances that tolled Lee's speedy trial clock for a total 111 days and that only 84 days had lapsed under the 180-day speedy trial statute.

There was substantial evidence that counsel was not ineffective for requesting continuances. The record showed that Lindemeier believed the continuances were necessary to obtain more time to take depositions, hire a private investigator, hire a mitigation expert, and file a motion to suppress evidence. Negotiations for a plea bargain also continued during the third continuance. Lindemeier testified that he explained the consequences of the continuances to Lee before filing each motion and that Lee consented each time.

[3] Lee takes issue with the amount of weight the district court gave to Lindemeier's testimony. An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, evaluate explanations, or reweigh the evidence presented, which are within a fact finder's province for disposition. See *State v. Schuller*, 287 Neb. 500, 843 N.W.2d 626 (2014). The district court did not abuse its discretion in accepting Lindemeier's testimony that he explained to Lee the effect of a motion to continue on the speedy trial clock and that Lee consented to each continuance. Nor did the court in any way hinder Lee from offering evidence to rebut Lindemeier's testimony. The record does not show that Lee offered any such evidence.

Lee has not presented evidence that the district court erred in any of its findings. We find no clear error in the court's judgment.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the district court denying Lee's motion for postconviction relief.

AFFIRMED.