Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/06/2018 09:12 AM CDT

State of Nebraska, appellee and
cross-appellant, v. Ivan K. Henk,
appellant and cross-appellee.

___ N.W.2d ___

Filed April 13, 2018.    No. S-17-291.

1. **Judgments: Appeal and Error.** The construction of a mandate issued by an appellate court presents a question of law, on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.

2. **Postconviction: Evidence: Witnesses: Appeal and Error.** In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. An appellate court upholds the trial court's findings unless they are clearly erroneous. In contrast, an appellate court independently resolves questions of law.

3. **Postconviction.** Postconviction proceedings are civil in nature.

4. **Courts: Judgments: Appeal and Error.** A district court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court.

5. ____: ____: ____. A lower court may not modify a judgment directed by an appellate court; nor may it engraft any provision on it or take any provision from it.

6. **Judgments: Appeal and Error.** No judgment or order different from, or in addition to, the appellate mandate can have any effect.

7. **Courts: Judgments: Jurisdiction: Appeal and Error.** Because a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court, any order attempting to do so is entered without jurisdiction and is void.

8. **Courts: Judgments: Appeal and Error.** When an appellate court's mandate makes its opinion a part thereof by reference, the lower court

should examine the opinion with the mandate to determine the judgment to be entered or the action to be taken thereon.

9. **Waiver: Appeal and Error.** Issues that an appellant waives on appeal are not part of an appellate court's mandate on remand.

10. **Courts: Appeal and Error.** In order to protect the integrity of the judicial process, a defendant cannot be allowed to assert new claims on remand even when he or she is entitled to an evidentiary hearing on other claims.

11. **Pleas: Waiver: Effectiveness of Counsel.** Normally, a voluntary guilty plea waives all defenses to a criminal charge, but a court will consider an allegation that the plea was the result of ineffective assistance of counsel.

Appeal from the District Court for Cass County: James T. Gleason, Judge. Affirmed in part, and in part vacated and set aside.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ., and Colborn and Samson, District Judges.

Cassel, J.

## INTRODUCTION

Ivan K. Henk again appeals from an order denying post-conviction relief, this time after an evidentiary hearing mandated by our decision in the first appeal.[1] We conclude that two of Henk's claims were outside the scope of our mandate, and we vacate and set aside those parts of the district court's order. Because the remaining claim lacked merit, we otherwise affirm the order.

---

[1] See *State v. Henk*, 284 Neb. xix (No. S-09-1160, July 17, 2012) (memorandum opinion).

## BACKGROUND

In October 2003, Henk was charged with first degree murder, with aggravating circumstances, for the death of his son, Brendan Gonzalez, which occurred on or about January 6. He was initially questioned after his son disappeared, but he did not make any admissions. At a subsequent hearing on an unrelated charge, Henk admitted in open court to killing Brendan. He was then interviewed and eventually led investigators to the dumpster in which he said he had placed Brendan's body.

Henk ultimately pled guilty to first degree murder in exchange for the State's not pursuing the death penalty. Once again, he admitted in open court to the killing as part of the factual basis underlying the plea. The court accepted this plea and later sentenced Henk to life imprisonment without the possibility of parole.

Henk filed a pro se motion for postconviction relief in May 2009 alleging that David Kofoed, a crime scene investigator, planted blood evidence in the specific dumpster. He claimed that the identification of the blood as belonging to Brendan was a "critical piece of evidence" for the State and that his choice to plead guilty was influenced in part by the strength of this DNA evidence.

The district court denied Henk's motion for postconviction relief without an evidentiary hearing after determining that the issues were known to Henk at the time of his guilty plea and thus that his claim was procedurally barred. The court also determined that the arguments were without merit, because the blood evidence was not part of the factual basis used at the plea hearing. Henk appealed with the assistance of counsel who had represented him at trial.

On appeal, we determined that Henk's claim could not have been previously raised and thus was not procedurally barred. After finding that Henk had alleged facts which, if proved, could constitute an infringement of his rights under the state or federal Constitution, we concluded that he was entitled to

an evidentiary hearing. Accordingly, we reversed the decision and remanded the matter with directions to the district court to grant an evidentiary hearing.

On remand, Henk was represented by new counsel and requested leave to file an amended motion for postconviction relief in order to raise a third "cause of action," for ineffective assistance of trial counsel. The State objected and argued that pursuant to this court's mandate, the issues should be limited to those in the original motion for postconviction relief.

A hearing was held, after which the court granted Henk leave to file an amended motion. In doing so, the court interpreted the following statement from our opinion, "[t]he purpose of that evidentiary hearing will be to determine whether a constitutional violation occurred and, if so, whether Henk was prejudiced by such violation,"[2] as broad enough to allow the new claim of ineffective assistance of counsel.

Henk then filed an amended motion for postconviction relief in which he alleged that his constitutional rights were violated by (1) the planting of evidence or false reports of Brendan's blood in the dumpster Henk identified to law enforcement, (2) the prosecution's failure to disclose Kofoed's misconduct to Henk, and (3) ineffective assistance of trial counsel when counsel failed to challenge the DNA evidence at issue.

The district court conducted an evidentiary hearing and afterward denied Henk's amended motion for postconviction relief for failure to meet his burden of proof. The court adopted the test applied in *State v. Lee*[3] for analysis of an ineffective assistance of counsel claim and held that "[w]hen a defendant has pled guilty and alleges a constitutional violation in his [motion for] postconviction relief, and the court determines that an evidentiary hearing for a constitutional

---

[2] *Id.*

[3] *State v. Lee*, 290 Neb. 601, 861 N.W.2d 393 (2015).

claim is necessitated by the facts, the court will apply a 'but-for' analysis to determine the merits of the claim." In limiting the issue to whether but for the intentional fabrication of evidence Henk would have rejected the plea offer, the court found that there was "ample evidence that [he] would have accepted the plea offer, regardless of the blood evidence from the dumpster." Therefore, it concluded that Henk suffered no actual prejudice. The court applied the same analysis to find that Henk's other claims were without merit.

Henk now appeals.

## ASSIGNMENTS OF ERROR

Henk assigns, restated, that the district court erred in denying his amended motion for postconviction relief when (1) his constitutional rights were violated by an investigator falsifying evidence, (2) the prosecution knowingly or recklessly disregarded the falsified evidence, and (3) his trial counsel was ineffective in advising him to take the proffered plea agreement.

The State cross-appeals and assigns that the district court erred in granting Henk's motion for leave to file an amended motion for postconviction relief.

## STANDARD OF REVIEW

[1] The construction of a mandate issued by an appellate court presents a question of law, on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[4]

[2] In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact.[5] An appellate court upholds the trial court's findings unless they are clearly erroneous.[6]

---

[4] *State v. Payne*, 298 Neb. 373, 904 N.W.2d 275 (2017).

[5] *State v. Glass*, 298 Neb. 598, 905 N.W.2d 265 (2018).

[6] *Id.*

In contrast, an appellate court independently resolves questions of law.[7]

## ANALYSIS

### JURISDICTION

[3] Because postconviction proceedings are civil in nature,[8] some principles of jurisdiction derived from civil cases may be applicable to proceedings under the Nebraska Postconviction Act.[9] We turn to the State's jurisdictional argument.

The State argues that granting Henk's motion for leave to file an amended motion for postconviction relief and holding a hearing on the additional claim were outside the scope of the mandate from this court and, thus, outside the district court's authority. We agree. But for reasons discussed below, we also conclude that holding a hearing on the claim of prosecutorial misconduct was outside the scope of our mandate.

[4-7] A district court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court.[10] A lower court may not modify a judgment directed by an appellate court; nor may it engraft any provision on it or take any provision from it.[11] No judgment or order different from, or in addition to, the appellate mandate can have any effect.[12] Because a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court, any order attempting to do so is entered without jurisdiction and is void.[13]

---

[7] *Id.*

[8] See *State v. Reeves*, 258 Neb. 511, 604 N.W.2d 151 (2000).

[9] Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2016).

[10] *State v. Payne, supra* note 4.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[8] In Henk's original appeal from postconviction proceedings, we remanded the cause for an evidentiary hearing "to determine whether a constitutional violation occurred and, if so, whether Henk was prejudiced by such violation."[14] Our mandate directed the district court "to enter judgment in conformity with the judgment and opinion of this court." When an appellate court's mandate makes its opinion a part thereof by reference, the lower court should examine the opinion with the mandate to determine the judgment to be entered or the action to be taken thereon.[15]

In our previous opinion, this court passed on only one issue—whether Henk was entitled to an evidentiary hearing on his claim that his due process rights were violated when Kofoed planted evidence and falsified official reports. Though Henk had initially also asserted a claim of prosecutorial misconduct, he affirmatively abandoned it on appeal and assigned error only to the court's denial of an evidentiary hearing on his first claim. Relying on this sole assignment of error, we did not consider whether Henk was entitled to an evidentiary hearing on the prosecutorial misconduct claim.

[9,10] Since only one issue was passed upon by this court and referenced in our opinion, our mandate was limited to require an evidentiary hearing on that claim alone. Issues that an appellant waives on appeal are not part of an appellate court's mandate on remand.[16] And in order to protect the integrity of the judicial process, a defendant cannot be allowed to assert new claims on remand even when he or she is entitled to an evidentiary hearing on other claims.[17] Because the district court did not have the authority to affect rights and duties

---

[14] *State v. Henk, supra* note 1.

[15] *County of Sarpy v. City of Gretna*, 276 Neb. 520, 755 N.W.2d 376 (2008).

[16] *Pennfield Oil Co. v. Winstrom*, 276 Neb. 123, 752 N.W.2d 588 (2008).

[17] See, e.g., *State v. Payne, supra* note 4; *State v. Edwards*, 294 Neb. 1, 880 N.W.2d 642 (2016) (Stacy, J., concurring; Cassel, J., joins).

outside the scope of the remand, we vacate and set aside the order granting leave to file an amended motion for postconviction relief and that portion of the district court's order addressing the second and third claims.

We express no opinion as to whether there is a procedural bar on Henk's third claim, because the record on appeal is insufficient to determine whether the claim for ineffective assistance of counsel could have been asserted at the time that he filed the prior motion.[18] Assuming without deciding that he was not procedurally or time barred from doing so, we note that Henk could have filed a second motion for postconviction relief alleging this claim at the time of filing his request for leave to amend his first motion.[19] However, Henk is judicially estopped from reasserting his second claim, because he affirmatively abandoned it in his first appeal.[20]

Having determined that only one issue is properly before us on appeal, we turn to consider the merits of that claim.

## Merits

Henk argues that but for the fabricated evidence, he would not have agreed to the plea bargain. He suggests that "[h]ad the fraudulent conduct of the government official been revealed and disclosed it would have tainted the entire process."[21] However, the wrongness of Kofoed's conduct is not the issue in this case. That matter has been settled, and Kofoed has been sentenced in consideration of his crimes.[22] Here, Henk had the

---

[18] See *State v. Jackson*, 296 Neb. 31, 892 N.W.2d 67 (2017).

[19] See, e.g., *State v. Edwards, supra* note 17.

[20] See *O'Connor v. Kearny Junction*, 295 Neb. 981, 987, 893 N.W.2d 684, 690 (2017) ("[w]hen a party has unequivocally asserted a position in a proceeding and a court accepts that position, judicial estoppel can bar that party's inconsistent claim against the same or a different party in a later proceeding").

[21] Brief for appellant at 34.

[22] See *State v. Kofoed*, 283 Neb. 767, 817 N.W.2d 225 (2012).

burden to prove that there was a constitutional violation and that he was prejudiced by the constitutional violation.

[11] Normally, a voluntary guilty plea waives all defenses to a criminal charge, but a court will consider an allegation that the plea was the result of ineffective assistance of counsel.[23] Though this claim was not framed as ineffective assistance of counsel in the first appeal, we nonetheless remanded for an evidentiary hearing. The sufficiency of this allegation thus became the law of the case, and, as neither party addresses it on this appeal, we assume without deciding that a constitutional violation occurred.

To establish prejudice in this context, Henk had to show that but for the fabricated evidence, he would not have accepted the plea bargain.[24] Henk did not meet this burden of proof.

The record demonstrates that Henk's main concern in pleading guilty was preventing the media from disclosing the evidence and his statements detailing the killing to law enforcement. In Henk's own words, he said, "I was very interested in getting the statements that I made and confessions that I made not given to the public. So that was a major consideration." During his interviews with law enforcement, he had gone into detail about killing Brendan and he had made clear even before he was charged that he intended to plead guilty. He also admitted to the killing at the hearing on his plea. And as the district court noted, Henk offered his own deposition into evidence, but it did not state that he would not have pled guilty were it not for the dumpster evidence. With this record, the district court was not clearly wrong in finding that there was ample evidence that Henk would have accepted the plea offer, regardless of the blood evidence from the dumpster.

---

[23] See *State v. Lee, supra* note 3.

[24] See *id.*

Because Henk did not show that but for the fabricated evidence, he would not have accepted the plea bargain, he failed to establish that he was entitled to postconviction relief. Accordingly, the district court did not err in denying his motion.

## CONCLUSION

We vacate and set aside the district court's order granting leave to file an amended motion for postconviction relief and the portion of its order concerning those claims which were outside the scope of our mandate. Because Henk's remaining claim is without merit, we affirm in all other respects the district court's order denying postconviction relief.

AFFIRMED IN PART, AND IN PART
VACATED AND SET ASIDE.

WRIGHT, J., not participating.