IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JONES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

THOMAS R. JONES, APPELLANT.

Filed January 5, 2021.    No. A-20-161.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed.

Justin A. Quinn for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Thomas R. Jones appeals the order of the district court for Douglas County overruling his motion for postconviction relief following an evidentiary hearing. He argues that the district court erred in denying his motion to file an amended motion for postconviction relief and in further concluding that his trial counsel did not provide ineffective assistance and denying postconviction relief. Jones further alleges that his postconviction counsel was ineffective. For the reasons that follow, we affirm.

## BACKGROUND

In July 2011, Jones entered no contest pleas to and was convicted of first degree assault, second degree assault, and use of a deadly weapon to commit a felony. Jones was sentenced to terms of 20 to 20 years' imprisonment on each of the assault convictions and 10 to 10 years' imprisonment on the weapon charge. The district court ordered all three sentences to be served

- 1 -

consecutively. The background of this case is summarized in Jones' direct appeal heard by this court. See *State v. Jones*, No. A-11-852, 2012 WL 2199128 (Neb. App. Jun. 12, 2012) (selected for posting to court website) (*Jones I*).

On direct appeal and represented by different counsel, Jones argued that the district court's oral pronouncement of sentences differed from the court's written pronouncement of sentences; that his sentences were excessive; and that he received ineffective assistance of trial counsel. See *id.* With respect to his claim of ineffective assistance of counsel, Jones alleged that his trial counsel "'pressured him to enter into the plea agreement'" and made misrepresentations about the possible penalties Jones faced. *Id.* at *5. This court found no merit to Jones' arguments concerning his sentences, but found that the record on direct appeal was insufficient to address Jones' ineffective assistance of counsel claim. *Id.*

After this court affirmed his convictions and sentences, Jones filed a pro se motion for postconviction relief in the district court. In that motion, Jones presented three arguments. First, Jones argued that he "was deprived of effective assistance of counsel when appellate counsel failed to assign numerous errors made throughout the criminal prosecution by defense counsel and the court, where such errors caused substantial prejudice to [him] and by any objectively reasonable standard amount to deficient performance constituting ineffective assistance of counsel." In support of this argument, Jones asserted that his trial counsel performed ineffectively in a variety of ways, including by not sufficiently investigating the case and in providing improper advice to Jones regarding the State's plea offer. Second, Jones argued that the district court imposed an unlawful sentence. Third, Jones argued that his appellate counsel was ineffective for failing to raise on appeal issues concerning the unlawful nature of the sentences imposed by the district court.

The district court denied the entirety of Jones' postconviction motion without an evidentiary hearing. Jones then appealed the district court's order to this court. See *State v. Jones*, No. A-14-164, 2015 WL 1858863 (Neb. App. Apr. 21, 2015) (selected for posting to court website) (*Jones II*). In *Jones II*, this court found no merit to Jones' assertions regarding the district court's ruling on his postconviction claims related to his sentences or to the effectiveness of appellate counsel. However, we found merit to Jones' assertion regarding the effectiveness of his trial counsel, noting that while Jones' postconviction motion was "inartfully presented," "a reasonable reading of the motion includes assertions that his trial counsel was ineffective in ways that were raised by his appellate counsel on direct appeal," which related to "[trial] counsel's advice that Jones enter into a plea agreement." *Id.* at *3. Accordingly, this court reversed the district court's order and remanded the cause to the district court with directions to hold an evidentiary hearing on that single claim. *Jones II, supra.*

Following remand, the district court appointed counsel to represent Jones, and Jones moved to file an amended motion for postconviction relief. The district court denied Jones' motion to amend. Jones then filed a motion to alter or amend the district court's judgment, and the district court denied Jones' motion on the ground that the court was "confined to the mandate."

On August 29, 2019, an evidentiary hearing was held. Jones offered into evidence his own deposition as well as the deposition of trial counsel. Jones additionally offered the live testimony of his fiance. The State offered into evidence the depositions of the victims in this case, which Jones' trial counsel had conducted prior to the entry of Jones' no contest pleas.

After the evidentiary hearing, the district court denied Jones' request for postconviction relief. In a written order, the court found that Jones' trial counsel had not made any promises to Jones regarding the sentences he would receive if he entered pleas, and the court further found that Jones' trial counsel had conducted a reasonable investigation before advising Jones to enter his pleas. The district court found that Jones had failed to prove prejudice "in light of the plea agreement and the strength of the evidence he was facing had he gone to trial."

Jones now appeals the district court's order denying his motion for postconviction relief, represented by new counsel.

## ASSIGNMENTS OF ERROR

Jones assigns that the district court erred in (1) denying his motion to file an amended motion for postconviction relief and (2) overruling his motion for postconviction relief following an evidentiary hearing. He further assigns that his postconviction counsel provided ineffective assistance.

## STANDARD OF REVIEW

The decision to grant or deny an amendment to a pleading rests in the discretion of the trial court. *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. *State v. Beehn*, 303 Neb. 172, 927 N.W.2d 793 (2019). An appellate court upholds the trial court's findings unless they are clearly erroneous. *Id.*

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *Id.* When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id.* With regard to questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's conclusion. *State v. Beehn, supra.*

## ANALYSIS

*Denial of Motion to Amend.*

Jones assigns that the district court abused its discretion in denying his motion to file an amended motion for postconviction relief.

The record in this case shows that following remand to the district court, Jones was appointed counsel and moved to amend his motion for postconviction relief. A hearing on Jones' motion to amend was held on July 10, 2018. The transcript of that hearing is not included in the record before this court. Following the district court's denial of his motion to amend, Jones filed a motion to alter or amend the judgment. The district court denied Jones' motion "for the reasons previously stated, which is that the Court is confined to the mandate."

On appeal, Jones argues that the purpose of amending his postconviction motion was to "clarify his position." Brief for appellant at 21. He argues that because in *Jones II, supra*, this court stated that his postconviction motion was "inartfully presented," it was imperative for him to outline "in what manner he believed he was failed by his trial counsel." Brief for appellant at 21. Jones claims that the district court abused its discretion in not allowing him to amend his motion for postconviction relief in order to allow him "to present evidence as to each of his areas of concern" regarding the effectiveness of his trial counsel. *Id.* at 22.

The facts in this case are similar to those in *State v. Henk*, 299 Neb. 586, 909 N.W.2d 634 (2018). In *Henk*, the defendant had appealed the district court's denial of postconviction relief without an evidentiary hearing. After determining that Henk's postconviction claim was not procedurally barred and that he had alleged facts which, if proved, could constitute an infringement of his constitutional rights, the Nebraska Supreme Court reversed and remand for an evidentiary hearing on Henk's claim. On remand, Henk requested leave to file an amended motion for postconviction relief in order to allege additional claims, which the district court granted. After an evidentiary hearing, the district court again denied Henk's motion for postconviction relief, and he appealed.

On appeal, the Supreme Court determined the district court improperly granted leave to amend. The court held that "[s]ince only one issue was passed upon by this court and referenced in our opinion, our mandate was limited to require an evidentiary hearing on that claim alone." *Id.* at 592, 909 N.W.2d. at 639. The court vacated and set aside the district court's order granting leave to file an amended motion for postconviction relief, "[b]ecause the district court did not have the authority to affect rights and duties outside the scope of the remand." *Id.* at 592-93, 909 N.W.2d at 639.

In *Jones II*, this court stated that:

In his direct appeal, we specifically recognized that [Jones] raised assertions concerning the effectiveness of his trial counsel concerning counsel's advice that Jones enter into a plea agreement. We concluded that the record was insufficient and declined to address the merits of those claims . . . and he now raises them in postconviction as he needed to.

*Jones II* at *3. This court then remanded the case for an evidentiary hearing on the sole issue of whether Jones' trial counsel had rendered ineffective assistance in advising him to enter a plea. *Jones II, supra.*

We determine that the district court in this case correctly found that it was confined to the mandate issued by this court in *Jones II*. The district court did not abuse its discretion in denying Jones' motion to amend. Moreover, Jones was not prejudiced by the denial of his motion to amend, as this court had already clearly isolated and articulated for which claim the district court was to hold an evidentiary hearing on remand. The purpose of the evidentiary hearing was to afford Jones an opportunity to "present evidence as to each of his areas of concern," which he now complains he was not able to do on appeal. Brief for appellant at 22. This argument fails.

*Denial of Postconviction Relief.*

Jones assigns that the district court erred in finding that he did not receive ineffective assistance of counsel and in denying his motion for postconviction relief. He claims that the district

court erred in finding the testimony of Jones' trial counsel to be credible and in accepting counsel's version of events over Jones' version.

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Beehn*, 303 Neb. 172, 927 N.W.2d 793 (2019). The Nebraska Postconviction Act is intended to provide relief in those cases where a miscarriage of justice may have occurred; it is not intended to be a procedure to secure a routine review for any defendant dissatisfied with his or her sentence. *State v. Beehn, supra.*

To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Ely*, 306 Neb. 461, 945 N.W.2d 492 (2020). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*

Trial counsel is afforded due deference to formulate trial strategy and tactics, and an appellate court will not second-guess trial counsel's reasonable strategic tactics when reviewing claims of ineffective assistance of counsel. *State v. Lang*, 305 Neb. 726, 942 N.W.2d 388 (2020).

Jones argues that his trial counsel was ineffective when he advised Jones to accept the State's plea agreement. In his brief on appeal, Jones cites to 12 "failures" committed by trial counsel that led Jones to feel "he had no choice but to plead guilty." Brief for appellant at 23. In his deposition, Jones testified that his trial counsel told him that if he failed to enter a plea, he "could be enhanced as a habitual offender" and that his counsel inaccurately advised Jones that if he accepted the State's plea agreement, the sentence on the weapon charge could be ordered to be served concurrently to the assault sentences. Jones testified that he was never told that a sentence on a weapon charge must mandatorily run consecutively to any other charges. Jones also testified that there was at least one occasion when his counsel scheduled a hearing for him to enter a plea, but Jones refused to be transported to the courthouse.

In contrast, Jones' trial counsel testified that prior to the plea hearing, he did not makes Jones any promises regarding what sentence he would receive if he were to enter a plea. Counsel stated that he did not "threaten" Jones with habitual criminal enhancements because he did not think Jones was "habitual eligible" at that time. Trial counsel testified that he did not recall Jones ever refusing to be transported to the courthouse for any reason, and he stated he would remember if such an event had occurred. Trial counsel testified that in all his years of working as a criminal defense attorney, he "never set a plea without talking to a client beforehand and getting their blessing on it." Trial counsel additionally testified that if he had known Jones was having second thoughts, he would have filed a motion to withdraw the pleas prior to sentencing.

In its order denying Jones' motion for postconviction relief, the district court specifically found that the testimony of Jones' trial counsel was "more credible" than Jones' testimony. The court found "that there were no sentencing agreements and [that trial counsel] never relayed any to [Jones], nor did [counsel] give an opinion as to what he thought the sentence might be." The district court also took into account Jones' statements at the plea hearing, at which time Jones

affirmed to the court that he understood the charges against him and the possible penalties. The district court advised Jones that a sentence on a weapon charge had "to run consecutive to any sentence on the underlying charge." At the plea hearing, Jones also asserted that no one had led him to believe he would receive probation or a lighter sentence in exchange for entering a plea.

Jones argues that the district court erred in crediting his trial counsel's testimony over his own. However, in an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. *State v. Beehn*, 303 Neb. 172, 927 N.W.2d 793 (2019). An appellate court upholds the trial court's findings unless they are clearly erroneous. *Id.* Here, the district court acknowledged that there was conflicting testimony on the issue of what advice Jones' trial counsel gave regarding the State's plea offer, and the court resolved the conflict in favor of trial counsel.

We determine that the district court did not commit clear error when it found the testimony of Jones' trial counsel to be credible, ultimately finding that counsel had not made Jones any promises regarding what his sentence might be. We also note, as did the district court, that prior to entering his pleas, Jones affirmatively stated to the court that he understood the possible penalties he faced and that no one had made him any promises regarding potential sentences. We conclude that Jones' trial counsel was not ineffective. This argument fails.

*Ineffective Assistance of Postconviction Counsel.*

Finally, Jones assigns that his appointed postconviction counsel did not provide effective assistance as required by Neb. Rev. Stat. § 29-3004 (Reissue 2016). Jones argues that his postconviction counsel "failed to act as a competent attorney in several regards." Brief for appellant at 26. Reordered, Jones alleges that his postconviction counsel was ineffective for failing to: (1) depose the victims and a witness in this case; (2) obtain transport records from corrections that would show Jones refused to attend a scheduled plea hearing; (3) question Jones' fiance about potential alibi evidence; (4) make postconviction arguments related to trial counsel's performance at Jones' sentencing hearing; (5) make a record of the hearing on Jones' motion to file an amended motion for postconviction relief; and (6) "engage in basic communication" with Jones. *Id.* at 26-27.

There is no constitutional right to effective assistance of counsel at postconviction proceedings. *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018). However, Jones cites to § 29-3004, which states that "[t]he district court may appoint not to exceed two attorneys to represent the prisoners in all [postconviction] proceedings" and that "[t]he attorney or attorneys shall be competent and shall provide effective counsel." The Supreme Court has not explicitly decided whether this section provides for a statutory right to competent and effective postconviction counsel that may be enforced on appeal from a postconviction proceeding. See *State v. McGuire, supra.*

Assuming without deciding that there is such an enforceable statutory right to effective postconviction counsel, we determine that Jones has failed to prove that he is entitled to relief.

On remand, the mandate from this court in *Jones II* directed the district court to hold an evidentiary hearing on the sole issue of whether Jones' trial counsel had rendered ineffective assistance in advising Jones to enter a plea. Therefore, Jones' postconviction counsel could not have been ineffective for failing to (1) conduct depositions of the victims and witnesses; (2) investigate corrections transport records; (3) investigate alibi evidence; or (4) make postconviction

arguments related to trial counsel's performance at the sentencing hearing. These issues are all beyond the scope of the mandate, and on appeal, Jones does not specify how these factors relate to the relevant issue--that is, whether trial counsel pressured Jones or misadvised him in order to induce him to enter a plea. As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument. *State v. Collins*, 299 Neb. 160, 907 N.W.2d 721 (2018).

Jones' fifth argument, that his postconviction counsel was ineffective for failing to make a record of the hearing on his motion to file an amended postconviction motion, also fails. As we discuss above, the district court correctly found that it was limited by this court's mandate on remand and did not abuse its discretion in denying Jones' motion to amend. A transcript of the hearing on Jones' motion would not have altered our analysis. We conclude that Jones cannot prove prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), with respect to this issue.

Lastly, Jones argues that his postconviction counsel failed to communicate with him, but this argument consists of a single sentence and the conclusory allegation that counsel's conduct was deficient. This argument is too vague and lacking in specificity to establish either deficient performance or prejudice under *Strickland*.

Accordingly, we conclude that even assuming a statutory right to effective assistance of counsel under § 29-3004 exists, Jones' arguments fail to show that he would be entitled to relief.

## CONCLUSION

We conclude that the district court did not abuse its discretion in denying Jones' motion to file an amended motion for postconviction relief and did not err in overruling his motion for postconviction relief. We further conclude that Jones' arguments related to the effectiveness of his postconviction counsel fail. Therefore, the order of the district court is affirmed.

AFFIRMED.